IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JENNIFER D. JONES, etc.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | CIVIL ACTION 12-0188-WS-C |
| ) | |
| **CONTINENTAL MOTORS, INC., etc.,** ) | |
| ) | |
| **Defendant.** ) | |

## ORDER

This matter is before the Court on the plaintiff's motion to stay and the defendant's second motion to dismiss. (Docs. 5, 15). The parties have filed briefs in support of their respective positions, (Docs. 5, 14, 20), and the motions are ripe for resolution. After careful consideration, the Court concludes that the motion to stay is due to be granted in part and denied in part and that the motion to dismiss is due to be denied.

## BACKGROUND

The plaintiff's decedent was killed in South Carolina when a single-engine aircraft struck him while making an emergency landing. The emergency was allegedly caused by the failure of a crankshaft manufactured by the defendant. The plaintiff sued the defendant in the District of South Carolina, bringing several causes of action under South Carolina law. The defendant challenged personal jurisdiction but, after an extended period of jurisdictional discovery, the Court concluded that the exercise of personal jurisdiction was proper and denied the defendant's motion to dismiss. The defendant attempted unsuccessfully to overturn that ruling by writ of mandamus. The defendant has made explicit its intention to re-assert the issue on appeal should the plaintiff prevail at trial. Thus, though the defendant has lost rounds one and two, the jurisdictional bout is not yet over.

[1]

The plaintiff filed suit barely six months after the incident but, by the time the dust settled from the jurisdictional dispute, the governing two-year limitations period had nearly expired. The plaintiff, while professing confidence in the South Carolina Court's resolution of the jurisdictional issue, filed this protective action in what all agree is a proper venue. As the defendant concedes, this case is "nearly identical" to the South Carolina action and perfectly identical as between the plaintiff and defendant. (Doc. 14 at 2 & n.1).[1]

The plaintiff then filed the instant motion to stay all proceedings herein pending resolution of the South Carolina action, including appeals. The defendant responded with its motion to dismiss the action on grounds addressed below.

## DISCUSSION

The plaintiff invokes the "first-filed" rule. The defendant acknowledges that, "[w]here two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005). The defendant likewise acknowledges that "we require that the party objecting to jurisdiction in the first-filed forum carry the burden of proving compelling circumstances to warrant an exception to the first-filed rule." *Id*. (internal quotes omitted).

The defendant does not suggest that compelling circumstances exist that would justify having this Court proceed in this second-filed action. Instead, it emphasizes that the first-filed rule invests the second court with discretion whether to honor the first court's prior jurisdiction by a dismissal or by a stay. The defendant then asserts that,

---

[1] The only difference is that the plaintiff sued other defendants in the South Carolina action and only the defendant here (because, the plaintiff says, personal jurisdiction as to them does not exist in Alabama). The South Carolina case also includes a separate lawsuit against the defendant brought by the aircraft's pilot and consolidated by the Court.

"[u]nder the specific facts of this case, the interests of justice and judicial economy are best served by" dismissal rather than stay. (Doc. 14 at 10-11).[2] According to the defendant, the Fifth and Ninth Circuits establish such a preference once the first-filed court has "asserted or adjudicated" jurisdiction. (*Id*. at 11). Assuming without deciding that such a preference exists, it vanishes if the jurisdiction of the first court remains unresolved. *See Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 628-29 (9th Cir. 1991) ("[W]here the first-filed action presents a likelihood of dismissal, the second-filed suit should be stayed, rather than dismissed," because "jurisdictional uncertainty … at the very least … counsels against outright dismissal."); *Burger v. American Maritime Officers Union*, 1999 WL 46962 at *2 (5th Cir. 1999) ("When the jurisdiction of the first-filed court to hear the dispute is uncertain, it is an abuse of discretion to dismiss the claims in the second-filed court with prejudice, as it creates the risk that the merits of the claims could never be addressed."); *see also Central States, Southeast and Southwest Areas Pension Fund v. Paramount Liquor Co*., 203 F.3d 442, 444 (7th Cir. 2000) ("When comity among [federal] tribunals justifies giving priority to a particular suit, the other action (or actions) should be stayed, rather than dismissed, unless it is absolutely clear that dismissal cannot adversely affect any litigant's interests.").

The defendant does not acknowledge these pronouncements, but it does assert there is "no possibility" the South Carolina action will be dismissed for want of personal jurisdiction. (Doc. 14 at 11). If true, this statement would avoid the rule against dismissal while jurisdiction remains in issue, but it is incorrect. The defendant describes the South Carolina Court's assumption of jurisdiction as "imprope[r]," "erroneous," and "wrongfu[l]," it vows to "appea[l] the issue of personal jurisdiction" to the Fourth Circuit after the conclusion of trial proceedings, and it warns that the plaintiff is at "substantial risk" the Fourth Circuit will reverse on that issue. (*Id*. at 2-3, 7, 10).

---

[2] As the limitations period has expired, any dismissal would effectively be with prejudice.

Although the defendant does not acknowledge it, following such a ruling the South Carolina action would stand a good chance of being transferred to this District pursuant to 28 U.S.C. § 1406(a).  But that is not a foregone conclusion, as the defendant concedes when it declares that "[t]he only foolproof way for Plaintiff to prevent her claims from being time-barred" is to "proceed with this action."  (Doc. 14 at 7).  Dismissal of this action, then, presents a risk of the plaintiff being shut out completely – in South Carolina due to lack of personal jurisdiction, and here due to the statute of limitations.  In such a situation, a stay is to be preferred to a dismissal.  *See Alltrade*, 946 F.2d at 629 (where dismissal of the second action "would risk encountering statute of limitations problems …, the second-filed suit should be stayed, rather than dismissed."); *Asset Allocation and Management Co. v. Western Employers Insurance Co.*, 892 F.2d 566, 571 (7th Cir. 1989) ("Granted, the statute of limitations problems may not be serious. …  But why take chances?  It is simpler just to stay the second suit."); *O'Hare International Bank v. Lambert*, 459 F.2d 328, 331-32 (10th Cir. 1972) (even though, on first appeal in first-filed action, the appellate court had already ruled the plaintiff made out a "prima facie case" of personal jurisdiction, the trial court in the second-filed action abused its discretion by failing to stay the second-filed action until the personal jurisdiction issue in the first-filed action was "finally determined" after remand, including that "all appellate avenues had been availed or waived").

Switching tacks, the defendant argues that the first-filed rule is one of "justice and equity" and that "the interests of fundamental fairness tell us" that the plaintiff cannot properly maintain a second suit merely "as a fall back plan."  (Doc. 14 at 13).  The defendant cites no relevant authority supporting its position, which is in tension with the Supreme Court's view that "[t]here is nothing necessarily inappropriate, however, about filing a protective action."  *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 294 n.9 (2005).  Among the cases the Court cited for this proposition was *Government of the Virgin Islands v. Neadle*, 861 F. Supp. 1054 (M.D. Fla. 1994), where – precisely as in this case – "Plaintiffs brought this action to protect themselves in the

event that Defendants prevail on appeal in the [first] action on the ground that the [first court] lacks personal jurisdiction over them." *Id*. at 1055.

The defendant's last bid for dismissal is a vague appeal to comity, capped by the unsupported assertion that "this general principle of comity can only be satisfied by the dismissal of this duplicative Alabama action." (Doc. 14 at 13). The defendant identifies the purposes of comity as being "to avoid conflicts and conserve limited judicial resources," (*id*.), ends that are fully served by a stay of these proceedings.

If it cannot obtain dismissal of this lawsuit on the foregoing grounds, the defendant seeks a denial of the plaintiff's requested stay and, thereupon, a consideration of its first motion to dismiss (which asserts federal preemption of the plaintiff's state-law claims). Given the applicability of the first-filed rule, this Court cannot proceed unless the defendant "carr[ies] the burden of proving compelling circumstances to warrant an exception" to the rule. *Manuel*, 430 F.3d at 1135.

The defendant ignores its burden but appeals to the principle that, "[w]hen a district court exercises its discretion to stay a case pending the resolution of related proceedings in another forum, the district court must limit properly the scope of the stay[, which] must not be immoderate." *Ortega Trujillo v. Conover & Co. Communications, Inc.*, 221 F.3d 1262, 1264 (11th Cir. 2000) (internal quotes omitted). An "indefinite" stay, such as one continuing until the related litigation proceeds to trial and post-trial appeals are exhausted, may be deemed immoderate. *Id*. at 1264-65. Since the plaintiff seeks a stay of this action "until such time as the South Carolina action has been concluded, including any appeals," (Doc. 5 at 7), the defendant describes the requested stay as indefinite and immoderate under *Ortega Trujillo*.

Since the very purpose of the first-filed rule is to prevent a second court from considering a case with issues and parties overlapping those in a case pending before a first court, it is difficult to imagine how a stay of a second suit extending as long as an identical first suit could present a compelling circumstance justifying proceeding in the second suit. The defendant does not offer to explain how this could be possible.

[5]

Even if an immoderate stay could give rise to a compelling circumstance for purposes of avoiding the first-filed rule in the case of identical actions, the indefinite nature of the requested stay does not render it immoderate. "In considering whether a stay is 'immoderate,' we examine *both* the scope of the stay (including its potential duration) *and* the reasons cited by the district court for the stay." 221 F.3d at 1264 (emphasis added). As the defendant acknowledges, "the first-filed rule is grounded in the doctrine of federal comity," (Doc. 14 at 9), and the Court's ruling is based on those comity concerns. Moreover, "[a]s between federal district courts, … though no precise rule has evolved, the general principle is to avoid duplicative litigation,"[3] and nothing could be more duplicative than forcing litigants to pursue two identical actions simultaneously in different fora. Finally, the Court relies on the judicially recognized propriety of staying a protective action filed to satisfy the statute of limitations while a jurisdictional issue remains unresolved in another federal court.[4] All of these reasons justify an indefinite stay and render it moderate. The Court nevertheless will moot the defendant's objection by providing a clear ending date for the stay.

## CONCLUSION

For the reasons set forth above, the plaintiff's motion to stay is **granted in part**. This action is **stayed** for exactly one year from the date of entry of this order, or until the trial and appellate proceedings in the South Carolina action are concluded, or until the defendant effectively abandons any assertion that it is not subject to personal jurisdiction in the South Carolina action, whichever occurs first. To the extent the plaintiff seeks a

---

[3] *Colorado River Water Conservation District v. Untied States*, 424 U.S. 800, 817 (1976). The defendant acknowledges this principle. (Doc. 14 at 13).

[4] While the defendant notes that "in a case like this one [involving related cases], the interests of judicial economy alone are insufficient to justify such an indefinite stay," *Ortega Trujillo*, 221 F.3d at 1265, this case involves identical actions, not merely related ones, and the Court does not in any event rely only on judicial economy.

broader or longer stay, its motion is **denied**.[5] The defendant's second motion to dismiss is **denied**.[6]

DONE and ORDERED this 6th day of July, 2012.

                                      s/ WILLIAM H. STEELE
                                      CHIEF UNITED STATES DISTRICT JUDGE

---

[5] The plaintiff may, no earlier than eleven months after entry of this order, move for an extension of the stay.

[6] The defendant's first motion to dismiss, (Doc. 6), is **denied**, without prejudice to the defendant's ability to file another such motion should the stay be lifted.